UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CANDY M. R., | Case No. 2:24-cv-00927-NJK |
| Plaintiff(s), | **Order** |
| v. | |
| MARTIN O'MALLEY, | |
| Defendant(s). | |

Pending before the Court is an order to show cause why dismissal and other sanctions should not be imposed on Plaintiff and Plaintiff's counsel. Docket No. 20. The Court has received three responses. Docket Nos. 22, 24, 25.

**I.    BACKGROUND**

The record reflects a number of shortcomings by counsel. First, on June 28, 2024, the Court reviewed Plaintiff's amended complaint and determined that it failed the screening process that applies to those seeking to proceed *in forma pauperis*. *See* Docket No. 13 at 2 & n.1. The Court ordered Plaintiff to file a second amended complaint by July 12, 2024. *See id.* at 2. Plaintiff violated that order.

Second, Stephen M. Sloan has been presented as the lead counsel for Plaintiff since the inception of this case. *See, e.g.*, Docket No. 1-1 at 1. Attorney Sloan is not identified as a Nevada-barred attorney and did not file an application to appear *pro hac vice*. *See, e.g.*, *id.* On June 3, 2024, the Court ordered Attorney Sloan to file an application to appear *pro hac vice* by June 17, 2024. Docket No. 8. No such application was filed.[1] On June 20, 2024, the Court instructed the Clerk's Office to remove Attorney Sloan as counsel of record given the failure to file an application

---

[1] In the interim, however, Attorney Sloan was included on the caption and signed a status report. Docket No. 9.

to appear *pro hac vice*. Docket No. 11. On June 27, 2024, despite being removed from the case, Attorney Sloan was included on the caption and signed an amended complaint. Docket No. 12. On June 28, 2024, the Court set a show cause hearing for July 15, 2024, as to why Attorney Sloan was neither complying with the *pro hac vice* rules nor ceasing to make filings in this case. Docket No. 14. No one appeared at the hearing on behalf of Plaintiff. Docket No. 17.

Hence, Plaintiff's attorneys have violated several orders, as well as the local rules governing appearances by out-of-state attorneys.

## II.  STANDARDS

"Orders are not suggestions or recommendations, they are directives with which compliance is mandatory." *Gfeller v. Doyne Med. Clinic, Inc.*, Case No. 2:14-cv-01940-JCM-VCF, 2015 WL 5210392, at *8 (D. Nev. Sept. 3, 2015) (citing *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979) and *Weddell v. Stewart*, 261 P.3d 1080, 1085 & n.9 (Nev. 2011)). There are several sources of legal authority by which federal courts enforce their orders. Most pertinent here, Rule 16(f) of the Federal Rules of Civil Procedure requires compliance with any "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(c).[2] Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (*per curiam*). Rule 16(f) applies regardless of whether the non-compliance with the order was intentional. *See, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Similarly, "[i]t is firmly established that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith." *Hologram USA, Inc. v. Pulse Evolution Corporation*, Case No. 2:14-cv-0772-GMN-NJK, 2016 WL 2757377, at *2 (D. Nev. May 11, 2016) (collecting cases).

When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993); *see also* Local Rule IA 11-8 (the Court may impose "any and all appropriate

---

[2] A minute order constitutes an "order" for purposes of Rule 16(f). *E.g.*, *Gfeller*, 2015 WL 5210392, at *8.

2

sanctions on an attorney" who violates any order).  Violations of orders are "neither technical nor trivial," *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999), and can have severe ramifications.  Rule 16(f) itself provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which include the initiation of contempt proceedings and entry of case-dispositive sanctions.  *See* Fed. R. Civ. P. 16(f)(1); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-33 (9th Cir. 1987) (affirming dismissal sanction).  While not expressly enumerated, the imposition of court fines is within the scope of the "just orders" permitted by Rule 16(f).  *See Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001); *see also, e.g.*, *Garcia v. GEICO Cas. Co.*, Case No. 2:13-cv-731-JCM-NJK, 2014 WL 7474773, at *3-4 (D. Nev. Jan. 6, 2014) (imposing court fines of $5,000 and $2,500 for attorneys failing to appear at hearings).  In determining the appropriate sanction, a primary objective is to deter similar misconduct.  *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604.

### III.  ANALYSIS

As noted above, this case involves a cascading series of violations, including with respect to orders (and the local rules) to file a *pro hac vice* application for Attorney Sloan and the order to file a second amended complaint.  The case hit rock bottom when Attorney Sloan and Attorney Hal Taylor failed to appear for a show cause hearing set to address the *pro hac vice* violations.

In the face of these violations, the responses to the order to show cause are not compelling.  For his part, Attorney Taylor takes blame for a series of missteps in which he failed to act in response to the subject orders, though he does not directly explain what caused those failures.[3]  For his part, the Court recognizes that Attorney Sloan was relying in part on Attorney Taylor to stay abreast of the proceedings.  Of course, Attorney Sloan also had his own duty to keep informed as to the case proceedings.  Critically, Attorney Sloan was <u>expressly notified of the show cause hearing by opposing counsel</u>.  *See* Docket No. 24 at 4; *see also* Docket No. 25.  Rather than engage in any kind of inquiry into the setting of that hearing, the nature of that hearing, or why Attorney

---

[3] As examples, Attorney Taylor indicates that he "failed" to seek relief as to the *pro hac vice* deadline, Docket No. 22 at 3, and that he "missed" the order setting the show cause hearing, *id.* at 4.  Why that is so is left a mystery, though the response indicates that Attorney Taylor "could argue that his busy schedule was at least a part of the reason for these errors."  *Id.* at 4 n.1.

3

Sloan had been unaware of that hearing,[4] Attorney Sloan simply consented to opposing counsel appearing telephonically and then put his head back into the sand. *See* Docket No. 24 at 4. In short, neither Attorney Taylor nor Attorney Sloan has presented any reasonable justification for their violations of the Court's orders.

In light of the circumstances, Attorney Taylor is sanctioned in a Court fine of $1,000 and Attorney Sloan is sanctioned in a Court fine of $250. These sanctions are personal to Attorney Taylor and Attorney Sloan. Payment must be made by September 27, 2024, as a court fine to "Clerk, United States District Court." A notice of compliance must also be filed on the docket by that date.

These sanctions do not fully reflect the impact of the identified violations on the sanctity of the Court's docket. The Court has been lenient in setting the sanction amount, however, based on the assurance that steps have been taken to avoid any similar problems in the future. Docket No. 24 at 2. To that end, both Attorney Taylor and Attorney Sloan are cautioned that they must strictly comply with all orders moving forward. Counsel should anticipate that similar failings in this case, or in any other case, will result in more severe repercussions than those imposed herein. *See, e.g.*, *Garcia*, 2014 WL 7474773, at *3-4.

### III.  CONCLUSION

Accordingly, the Court imposes sanctions on counsel as stated above. The order to show cause is otherwise discharged.

With respect to the remaining housekeeping matters, (1) Attorney Sloan must file an application to proceed *pro hac vice* by September 6, 2024, and (2) the Court finds that the proposed second amended complaint (Docket No. 24 at 18-22) suffices for screening purposes, *see, e.g.*, *Graves v. Colvin*, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015). In addition to providing notice through CMECF to Attorney Taylor, the Clerk's Office is **INSTRUCTED** to both mail and email a copy of this order to Attorney Sloan as follows:

---

[4] These would be expected inquiries in any case, but the Court is at a loss as to why alarm bells did not start ringing for Attorney Sloan with respect to the setting of a hearing in this social security appeal, particularly given that hearings in such proceedings are rare.

4

Stephen M. Sloan
Osterhout Berger Daley, LLC
4256 N. Ravenswood Ave, Suite 104
Chicago, IL 60613
Email: ssloan@obd.law[5]

IT IS SO ORDERED.

Dated: August 27, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] It appears this is Attorney Sloan's current email address, *see* Docket No. 24 at 1, though he provided a different email address on earlier captions, *see,* Docket No. 1-1 at 1.