# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CANDY R.,

    Plaintiff(s),

v.

FRANK BISIGNANO,

    Defendant(s).

Case No. 2:24-cv-00927-NJK

**ORDER**

[Docket No. 26]

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's opening brief seeking remand. Docket No. 26. The Commissioner filed a responsive brief in opposition. Docket No. 31. Plaintiff filed a reply. Docket No. 34. The parties consented to resolution of this matter by magistrate judge. *See* Docket Nos. 3-4.

**I.   STANDARDS**

    A.   Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II. BACKGROUND

### A. Procedural History

In June 2020, Plaintiff filed applications for disability benefits with an alleged onset date of April 18, 2020. *See, e.g.*, Administrative Record ("A.R.") 454-462. On November 24, 2020, Plaintiff's application was denied initially. A.R. 261-66. On November 23, 2021, Plaintiff's claim was denied on reconsideration. A.R. 276-82. On December 2, 2021, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). A.R. 283-84. On March 29, 2023, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Thomas Mercer Ray. A.R. 66-99. On May 5, 2023, the ALJ issued an unfavorable decision finding that

Plaintiff had not been under a disability through the date of the decision. A.R. 24-43. On January 17, 2024, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 17-23.

On May 16, 2024, Plaintiff commenced this suit for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(b) and 416.920(a). A.R. 29-43. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. A.R. 31. At step two, the ALJ found that Plaintiff has the following severe impairments: bilateral knee osteoarthritis; obesity; left pinky laceration and cellulitis status post-surgery; and history of Dupuytren's contractures. A.R. 31-35. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 35-36. The ALJ found that Plaintiff has the residual functional capacity to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can lift and/or carry 50 pounds occasionally and 25 pounds frequently; she can stand and/or walk six hours in an eight-hour workday; she can sit six hours in an eight-hour workday; she can frequently climb ramps and stairs, balance, stoop, and crouch; she must never climb ladders, ropes, or scaffolds; and she can frequently handle bilaterally.

A.R. 36-41. At step four, the ALJ found Plaintiff was capable of performing past relevant work as a cost accounting clerk. A.R. 41. The ALJ also made an alternative finding at step five that other jobs exist in significant numbers in the national economy that Plaintiff could perform. A.R. 41-42. Based on these findings, the ALJ found Plaintiff not disabled. A.R. 43.

**III.   ANALYSIS**

Plaintiff raises two arguments on appeal, that the ALJ erred in formulating the RFC without substantial evidence and that the ALJ erred in analyzing Plaintiff's testimony. The Court will address each argument in turn.

A.   RFC Formulation

Plaintiff argues that the ALJ erred in formulating the residual functional capacity without the support of substantial evidence. Docket No. 26 at 7-14; *see also* Docket No. 34 at 1-6. The Commissioner argues that the residual functional capacity is supported by substantial evidence. Docket No. 31 at 9-14.

"[R]esidual functional capacity is the most [Plaintiff] can still do despite [Plaintiff's] limitations." 20 C.F.R. § 416.945(a)(1). The residual functional capacity determination considers all medically determinable impairments, including those that are not severe. *Id.* at § 416.945(a). The residual functional assessment must consider all evidence in the record and "contain a thorough discussion and analysis of the objective medical and other evidence . . ." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing Social Security Ruling 96-8p). "The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments . . . may affect his or her capacity to do work-related physical and mental activities." *Id.* (quoting Social Security Ruling 96-8p). "[A]t the administrative law judge hearing level . . . the administrative law judge . . . is responsible for assessing [Plaintiff's] residual functional capacity." 20 C.F.R. § 416.946(c). The residual functional capacity determination does not need to copy the exact opinion of any particular doctor; rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Commissioner*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity").

1.   Physical Limitations

Plaintiff argues that the physical limitations in the residual functional capacity are not supported by substantial evidence. In particular, Plaintiff argues that the ALJ failed to properly address the opinion of Dr. Khalid Kamal. *See, e.g.*, Docket No. 26 at 7-10.   The Commissioner counters that the ALJ was entitled to find Dr. Kamal's opinions unpersuasive in light of the findings as to supportability and consistency. Docket No. 31 at 9-12.

4

When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). The ALJ must "articulate how [the ALJ] considered the medical opinions and prior administrative medical findings" based on certain specified factors. *Id.* The most important factors are supportability and consistency, which the ALJ must address. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.' Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(1) & (c)(2)). "[T]he decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

In this case, Dr. Kamal opined that, *inter alia*, Plaintiff could lift or carry 20 pounds occasionally and 10 pounds regularly, stand and/or walk for at least two hours in an eight-hour workday (with a recommendation for an assistive device to reduce the risk of falling), sit for six hours or more in an eight-hour workday, and engage in only occasional fingering and handling with the left hand. A.R. 979-80. The ALJ rejected Dr. Kamal's opinions as follows:

> The undersigned finds the opinions of Dr. Kamal that the claimant has the capacity for a range of light exertional work are unpersuasive (Exs. B17F; B20F). They are unpersuasive because the restrictive limitations are not supported by the benign objective findings documented by Dr. Kamal. As discussed above, Dr. Kamal noted a slight difficulty standing from sitting, swelling and tenderness, diminished range of motion, impingement sign, Tinel sign, mild imbalance, diminished hand grip, and decreased sensation in the left hand (Exs. B17F; B20F). Additionally, his opinions are not consistent with the record as a whole, which failed to reveal significant objective findings. They are also inconsistent with the routine and conservative treatment regimen involving medications and occupational therapy (Ex. 15F). Accordingly, his opinions are unpersuasive.

A.R. 40.

The Court agrees with Plaintiff that the ALJ's explanation is not sufficiently articulated. For example, no explanation is provided why findings such as "swelling and tenderness, diminished range of motion, impingement sign, Tinel sign, . . . diminished hand grip, and decreased

5

sensation in the left hand" would be considered "benign" symptoms that could not support Dr. Kamal's opinions.² Hence, the ALJ's conclusion that Dr. Kamal's opinion was not supported by his findings is not sufficiently supported. *Cf. Grigsby v. Saul*, 845 Fed. Appx. 657, 658 (9th Cir. 2021) (observing that "nothing in the ALJ's decision explains why the medical evidence on which [the medical sources] relied does not support their opinions"). The Court similarly agrees with Plaintiff that the ALJ's reference to inconsistency with "the record as a whole" is not sufficiently specific to enable judicial review. *Cf. Akhenblit v. Comm'r of Soc. Sec. Admin.*, 2021 WL 6061947, at *4 (D. Ariz. Dec. 22, 2021) ("Without some articulation of the inconsistencies between the evidence as a whole and the medical source opinions, the Court is unable to meaningfully review this stated basis for finding Dr. Shafran's opinions unpersuasive").³

Accordingly, the ALJ erred in not sufficiently explaining the reason for discounting Dr. Kamal's opinions.⁴

---

² It would seem self-evident that "slight difficulty standing from sitting" and "mild imbalance" could be construed as contrary to the opinion rendered, but it is not clear that those two circumstances standing alone would suffice for the ALJ to decide that the medical findings are inconsistent with the opinions. The Court also agrees with Plaintiff that the Commissioner cannot now point to other inconsistent aspects of the opinion that were not relied upon by the ALJ in making this finding. *See* Docket No. 34 at 2 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

³ Plaintiff argues that the ALJ's decision is internally inconsistent in finding, on the one hand, that the circumstances had changed since Plaintiff's prior nondisability determination while, on the other hand, crafting an identical residual functional as was in the earlier nondisability determination. Docket No. 26 at 11-12. The Commissioner did not respond to this argument in the opposition brief, *see* Docket No. 31, waiving any counterargument, *see, e.g.*, *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (collecting cases).

⁴ The ALJ also relied upon the conservative nature of treatment, *see* A.R. 40, which Plaintiff challenges based on alleged obstacles in receiving treatment, *see, e.g.*, Docket No. 26 at 20. It is unclear whether the ALJ would find conservative treatment, standing alone, sufficient to reject Dr. Kamal's opinions, so remand would be warranted even if the Court were to find the specific reason is supported by substantial evidence. *Cf. Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (discussing harmless error doctrine when the reviewing court can "confidently conclude" that the error was "inconsequential to the ultimate nondisability determination"). As a result, the Court need not opine herein on whether substantial evidence supports the finding of conservative treatment. Plaintiff may argue on remand for consideration of the obstacles to treatment that she identifies.

2. Mental Health Limitations

Plaintiff argues that the lack of mental health limitations in the residual functional capacity is not supported by substantial evidence. In particular, Plaintiff argues that the ALJ failed to properly address the opinion of Dr. Mark Short. *See, e.g.*, Docket No. 26 at 12-14. The Commissioner counters that the ALJ was entitled to find Dr. Short's opinions unpersuasive in light of the findings as to supportability and consistency. Docket No. 31 at 12-14.

Dr. Short opined that Plaintiff would have some moderate limitations in mental functioning, including difficulties responding appropriately to work pressure and working in close proximity to others. *See* A.R. 971. The ALJ rejected Dr. Short's opinions as follows:

> This opinion is based on a one-time examination of the claimant. Moreover, the benign objective findings documented by Dr. Short, which revealed limited insight, inability to complete serial sevens, and the ability to recall two of three words after 15 minutes, do not support his restrictive opinion. His opinion is also inconsistent with the record as a whole, which revealed that the objective findings were generally within normal limits as noted above. It is also inconsistent with the routine and conservative treatment involving medications and therapy, and the claimant's admitted activities of daily living discussed throughout the decision. Accordingly, this opinion is unpersuasive.

A.R. 34.

The Court agrees with the Commissioner that the ALJ did not err in finding Dr. Short's opinion unpersuasive. For example, the finding of inconsistency with the record as a whole was supported "above" with citations to specific aspects of the record, including that her objective findings were generally within normal limits (A.R. 1439, 1457, 1466, 1472). *See* A.R. 34 (citing B24F/6; B25F/17; B26F/3; and B27F/4).[5] As to daily activities, the ALJ noted that the record showed that Plaintiff maintained relationships, used public transportation, shopped in stores, managed her finances, groomed herself, performed household chores, read, watched television, browsed the web, prepared meals, and followed instructions. *See, e.g.*, A.R. 32-33. While Plaintiff challenges the ALJ's reliance on her daily activities with respect to *physical* limitations,

---

[5] The ALJ provided more fulsome discussion two paragraphs earlier and he was not required to repeat that discussion when discounting Dr. Short's opinions. *See, e.g.*, *Martin v. Colvin*, 2013 WL 6527280, at *16 (D. Nev. Dec. 11, 2013) (citing *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001)).

*see* Docket No. 26 at 15-17, she provides no argument as to why substantial evidence is lacking as to the ALJ's reliance on her daily activities in finding unpersuasive Dr. Short's opinion as to her mental limitations. Hence, Plaintiff has waived any such argument. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). In short, the ALJ's evaluation of Dr. Short's opinions was supported by substantial evidence.[6]

Accordingly, the ALJ did not err in finding unpersuasive the opinions of Dr. Short.[7]

B.  Plaintiff's Testimony

Plaintiff argues that the ALJ erred in discounting her allegations of disabling limitations without sufficient justification. *See* Docket No. 26 at 14-21; *see also* Docket No. 34 at 6-10. The Commissioner counters that the ALJ articulated sufficient reasons for discounting Plaintiff's testimony. Docket No. 31 at 5-9.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p. If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination.

---

[6] As explained by the Ninth Circuit (and argued by the Commissioner here), the "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). That Plaintiff now points to aspects of the record that might support further limitations does not show that the ALJ's decision is unsupported by substantial evidence.

[7] The Court is not persuaded by Plaintiff's contention that the ALJ erred by not sufficiently explaining the lack of mental health limitations in the residual functional capacity. *See, e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

8

*Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[8]  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

In this case, the ALJ discounted Plaintiff's testimony as to her physical limitations based on her daily activities, lack of muscle atrophy, and inconsistency with the medical record.  A.R. 39-40.[9]  As to the noted daily activities, they appear on their face most obviously inconsistent with the alleged mental limitations, and the ALJ's decision fails to explain how the identified activities show physical abilities that translate into the ability to work.  *See* A.R. 39; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (explaining that inconsistent daily activities must exhibit an ability to work to provide a basis to discredit a claimant's allegations of disability).  As to the lack of muscle atrophy, courts have generally rejected this reasoning as a basis to reject a claimant's testimony outside the context of a claimant contending that she is bedridden.  *See, e.g.*, *Rawa v. Colvin*, 672 Fed. Appx. 664, 667 (9th Cir. 2016) (unpublished).[10]  As to inconsistency with the medical record, for the reasons discussed above, the ALJ's decision fails to explain how the enumerated medical findings actually show only benign physical conditions.  *See* A.R. 39; *see also* Section III.A.1.[11]  In short, these reasons are not sufficient to discount Plaintiff's testimony as to her physical limitations.

---

[8] The regulations previously asked the ALJ to assess "credibility."  Social Security Ruling 96-7p.  The regulations now require the ALJ to "evaluate" the claimant's statements.  Social Security Ruling 16-3p.  This change does not alter the deferential nature of the Court's review.

[9] The briefing on the evaluation of Plaintiff's testimony focuses on Plaintiff's physical limitations, not her mental limitations.  To the extent Plaintiff challenges the ALJ's discounting of her testimony regarding mental limitations, the Court rejects that challenge given, *inter alia*, the inconsistency with the objective findings and Plaintiff's daily activities.  *See* Section III.A.2.

[10] When the claimant testified that "she experienced constant pain that required her to lie in a fetal position all day" such that she is "totally incapacitated," the Ninth Circuit held that a lack of atrophy is properly relied upon by an ALJ in discounting the claimant's testimony.  *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999).

[11] The ALJ also relies on the conservative nature of treatment, which Plaintiff disputes on appeal.  As discussed above, it is not clear whether the ALJ would discount Plaintiff's testimony on this reasoning standing alone.  *See* Section III.A.1. fn.4.

Accordingly, the ALJ failed to sufficiently articulate a proper basis for discounting Plaintiff's testimony as to her physical limitations.

## IV. CONCLUSION

The decision below is **AFFIRMED in part** as to the ALJ's mental health findings and **REMANDED in part** for further consideration consistent with this order as to the Plaintiff's physical limitations. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: August 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge