**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Candy R.,

Plaintiff(s),

v.

Frank Bisignano,

Defendant(s).

Case No. 2:24-cv-00927-NJK

**ORDER**

[Docket No. 44]

Pending before the Court is Plaintiff's counsel's motion to recover attorney's fees pursuant to § 406(b). Docket No. 44. The motion addresses many of the pertinent considerations, but it does not sufficiently explain why counsel should receive the 25% maximum recovery. Courts look more favorably on fee requests with voluntary reductions below the 25% maximum and "[s]ocial security attorneys in this District routinely seek significantly less than the 25% maximum resulting in an effective hourly rate below what counsel seeks here [of $1,289]." *Dina S. v. Bisignano*, 822 F. Supp. 3d 1126, 1131 (D. Nev. 2026) (citing *Dillon v. Saul*, Case No. 3:20-cv-00294-CLB, 2022 WL 181221, at *2 (D. Nev. Jan. 18, 2022), in which the § 406(b) fees requested equaled 14.4% of the benefit awarded and amounted to an effective hourly rate of $506)).[1] In light of the above, Plaintiff's counsel must file, by August 7, 2026, a supplement better explaining why he should be awarded the maximum 25% recovery in fees. Alternatively, Plaintiff's counsel may file a notice that he has lowered the amount of fees he is seeking.

IT IS SO ORDERED

Dated: July 24, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] "Given that the claimant has been adjudged disabled and must resort to the social safety net, courts look carefully at § 406(b) fee requests to ensure reasonableness." *Dina S.*, 822 F. Supp. 3d at 1129 n.2 (citing *Ashing v. Astrue*, 798 F. Supp. 2d 1143, 1147 (C.D. Cal. 2011)). Such concerns are all the more pronounced here given the representation that Plaintiff has a recent history of homelessness. *See* Docket No. 44 at 5.